```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
CHRISTIAN KILLORAN, on behalf of his
Son, A.K., CHRISTIAN KILLORAN,
and TERRIE KILLORAN,

                  Plaintiffs,
                                              MEMORANDUM & ORDER
                                              20-CV-0269(JS)(SIL)
     -against-

WESTHAMPTON BEACH UNION FREE
SCHOOL DISTRICT, MICHAEL RADDAY,
as Superintendent, MARY ANN
AMBROSINI, as Director of Pupil
Personnel, SUSANNE MENSCH, JOYCE
DONNESON, and HALSEY STEVENS,
as Board of Education Members,

                  Defendants.
----------------------------------x
```

APPEARANCES:
For Plaintiffs:     Christian Killoran, Esq., pro se
                    Terrie Killoran, pro se
                    132-13 Main Street
                    Westhampton, New York  11978

For Defendants:     Scott J. Kreppein, Esq.
                    DEVITT SPELLMAN BARRETT, LLP
                    50 Route 111
                    Smithtown, New York  11787

SEYBERT, District Judge:

Pro se plaintiffs Christian Killoran[1] and Terrie Killoran, individually and as parents to A.K., a child with Down

---

[1] "[A]s the Court's prior orders note, Plaintiff [Christian Killoran] is an attorney.  Accordingly, his pleadings are not entitled to the 'special consideration which the courts customarily grant to pro se parties.'"  Killoran v. Westhampton Beach Sch. Dist., No. 20-CV-4121, 2020 WL 5424722, at *1 (E.D.N.Y.

Syndrome, commenced this action against the Defendants alleging violations of: (1) the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.; (2) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; (3) Section 504 of the Rehabilitation Act of 1983 ("Section 504"); and (4) 42 U.S.C. § 1983 ("Section 1983") with respect to Plaintiffs' due process and equal protection rights for the 2019-2020 school year. (See Compl., ECF No. 1.)  Defendants moved to dismiss the Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Procedure for lack of subject matter jurisdiction, since Plaintiffs had not exhausted their administrative remedies regarding their IDEA claims (hereafter, the "Dismissal Motion"). (See ECF No. 12.)  Plaintiffs opposed Defendants' Motion, but voluntarily withdrew their "IDEA based claims, reserving a right to re-file, pending the outcome of local exhaustion." (Opp'n Aff., ECF No. 18 (emphasis in original).)  The Dismissal Motion was referred to Magistrate Judge Locke for a report and recommendation. (See Oct. 26, 2020 Elec. Referral Order.)

      Presently before the Court is Magistrate Judge Locke's February 11, 2021 Report and Recommendation ("R&R") (see ECF No. 22) recommending that the Defendants' Dismissal Motion be granted,

---

Sept. 10, 2020) (quoting Bazadier v. McAlary, 464 F. App'x 11, 12 (2d Cir. 2012) (internal quotation marks and citation omitted)).

to which Plaintiffs object. (See Objection, ECF No. 23.) For the reasons that follow, Plaintiffs' Objection is OVERRULED, the R&R is ADOPTED, and Defendants' Dismissal Motion is GRANTED.

BACKGROUND and REPORT & RECOMMENDATION

Given the lengthy, litigious history between the parties,[2] and hearing no objections to Magistrate Judge Locke's recitation of the relevant facts, the Court assumes the parties' familiarity and agreement with the factual background and procedural history of the underlying administrative proceeding, as well as this case, as articulated in the R&R, which this Court adopts and incorporates herein by reference.[3] (See R&R at 2-7 (factual background), 7-9 (procedural background).) For the reader's convenience, the Court briefly notes that when this action commenced, A.K. was: a seventeen-year-old boy who was born with Down syndrome; classified as an "alternately assessed" special education student; and, enrolled within the District. (See id. at 3.) This action relates to Plaintiffs' January 9, 2020 Administrative Due Process Complaint (hereafter, the "ADP Complaint"), filed with the New York State Department of Education,

---

[2] Plaintiffs have filed numerous other lawsuits against the Defendant School District regarding A.K.'s education. See, e.g., Case Nos. 15-CV-4743, 17-CV-0866, 17-CV-3553, 18-CV-3389, 19-CV-3298, 19-CV-5078, 19-CV-6663, 20-CV-4121, and 20-CV-4763.

[3] Further, the Court assumes the parties' familiarity with the terms of art used in the R&R, which this Court adopts and uses herein.

Westhampton Beach School District, together with prior, related administrative hearings, all which emanate from Plaintiffs' dissatisfaction with the Defendants' compliance with A.K.'s IDEA rights for the 2019-2020 school year. (See id. at 2-7; see also Ex. P-1, ADP Compliant, attached to Compl.) More particularly, Plaintiffs filed the ADP Complaint after they appealed the IHO's determination that A.K.'s FAPE was IDEA-compliant and the SRO partially overturned the IHO's decision, remanding to the IHO the issue of whether the District provided A.K. with a FAPE. (R&R at 7[4] (citing Dec. 26, 2019 SRO Decision, ECF No. 12-4, at 21-22)). Of significance to Plaintiffs' Objection, Magistrate Judge Locke stated:

> On January 7, 2020, Defendants' counsel informed Plaintiffs that the District planned to appeal the SRO decision pursuant to Article 78 of the New York State Civil Practice Law and Rules, and therefore that the remanded due process hearing would be automatically stayed. See Compl. ¶ 15. Nevertheless, on April 24, 2020, the remanded hearing on Plaintiffs' [ADP] Complaint commenced, and the parties are currently addressing disputes regarding the scope of the hearing.

(R&R at 7 (citing Defs.' Support Memo., ECF No. 12-2, at 8)(emphasis added).)

---

[4] (See also R&R at 11-12 (discussing New York State's two-tiered administrative review process to which parents must avail themselves when claiming IDEA-related grievances).)

In that vein, the Magistrate Judge outlined the applicable law stating, "the IDEA statute requires plaintiffs with any claims related to the education of disabled children, whether brought under IDEA or another statute (e.g., the Rehabilitation Act), to exhaust the administrative remedies available under IDEA prior to initiating a federal lawsuit," (id. at 12-13 (quoting Kalliope R. ex rel. Irene D. v. N.Y.S. Dep't of Educ., 827 F. Supp. 2d 130, 137 (E.D.N.Y. 2010)(emphasis added)), and noted the Plaintiffs' recognition that "their claims under the IDEA, the ADA, Section 504 and Section 1983 are all subject to the exhaustion requirement" (id. at 13). However, Judge Locke proceeded to reject the Plaintiffs' futility argument, a recognized exception to the exhaustion requirement, finding:

> [Plaintiffs'] ultimate request as to their claims is that Defendants implement an appropriate IEP within the LRE which, according to Plaintiffs, is a hybrid program within the general education setting when appropriate, and within-District[; t]his type of challenge to the placement of a disabled student is a matter that is within the ambit of the administrative scheme addressed by the IDEA, which explicitly provides parents with an opportunity to present a complaint to an impartial IHO "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child[;]" [and] Plaintiffs' issues with the District's justifications for A.K.'s IEP and academic placement must first be addressed to the local and state education agencies [because they] are "uniquely well suited to review the content and

> implementation of IEPs . . . and to determine
> what changes, if any, are needed."

(R&R at 15-16 (first quoting 20 U.S.C.A. § 1415(b)(6)(A); then quoting Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 248 (2d Cir. 2008) (internal quotations and citations omitted).) He concluded that the Plaintiffs' belief that this appeal process "will cause a delay that will span additional academic years does not give them the right to proceed to federal court and bypass the administrative process." (R&R at 16 (citing Hope v. Cortines, 872 F. Supp. 14, 21 (E.D.N.Y. 1995)("Plaintiffs in substance challenge the adequacy of the IEP created . . . and seek imposition of their own more expansive IEP.  This is precisely the type of remedy best fashioned by the educational experts skilled in developing such programs and provides a textbook example of the types of cases justifying administrative exhaustion."), aff'd, 69 F.3d 687 (2d Cir. 1995).)  Thus, Magistrate Judge Locke recommended "that all of Plaintiffs' causes of action be dismissed for lack of subject matter jurisdiction" and "Defendants' motion to dismiss be granted as to all claims without prejudice until administrative remedies are exhausted."  (Id.)

CONSIDERATION OF PLAINTIFFS' OBJECTION

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties.  See FED. R. CIV. P.

72(b). Any portion of a report and recommendation on a dispositive matter to which a timely objection has been made is reviewed de novo. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009); see also Butto v. Collecto, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) ("In a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (quotations and citation omitted)). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Plaintiffs object to the R&R asserting that "the fundamental problem with Judge Locke's analysis is that it does not take into account the evolution of the plaintiff's [sic] underlying due process adjudication [(hereafter, "DP Adjudication")] that has occurred since the chronology relied upon

by Judge Locke." (Objection at 2.) They contend that the DP Adjudication has since been concluded and "now profiles as being fully 'exhausted'," and that "subsequent to the chronology relied upon by Judge Locke, the plaintiffs' IDEA based claims were ultimately 'sustained'." (Id.) In essence, Plaintiffs would have this Court find error in Magistrate Judge Locke's recommendation because they failed to apprise the Court of the current status of their DP Adjudication. (See id. ("In any event, at this time, as well as prior to the date Judge Locke issued his decision (February 11, 2021), the plaintiffs' underlying IDEA based claims were fully 'exhausted'.").)

The Plaintiffs' Objection is unsustainable. As properly articulated by Magistrate Judge Locke, upon a Rule 12(b)(1) motion to dismiss, "the court must assume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party." (R&R at 10 (quoting C.K. v. Bd. of Educ. of the Westhampton Beach Sch. Dist., 185 F. Supp. 3d 317, 324 (E.D.N.Y. 2016) (citation omitted).) That is precisely what the Magistrate Judge did in his R&R. To the extent Plaintiffs assert the Magistrate Judge erred in finding a lack of subject matter jurisdiction because of an absence of exhaustion, this Court rejects that argument since it is the Plaintiffs' "burden to prove the court's jurisdiction by a preponderance of the evidence" (id. (citing Vailette v. Lindsay, No. 11-cv-3610, 2014 WL 4101513, at

*3 (E.D.N.Y. Aug. 18, 2014)), which they failed to do when the Dismissal Motion was pending for adjudication.  (Cf. id. (stating "the court may refer to evidence outside the pleadings, such as affidavits, to resolve the jurisdictional issue" (citing Forbes v. State Univ. of N.Y. at Stony Brook, 259 F. Supp. 2d 227, 231-32 (E.D.N.Y. 2003) (citations omitted))).)  Informing the Court now that the DP Adjudication has been finalized, i.e., administratively exhausted, is too little too late and fails to demonstrate an error, even under de novo review.

<u>REQUEST TO CONSOLIDATE</u>

To the extent Plaintiffs request in their Objection that the Court consolidate this action with Plaintiffs' subsequent action, Case No. 20-CV-4763 (hereafter, the "Subsequent Action"), that request is denied.  (See Objection at 3.)  The "court has broad discretion in determining whether consolidation is appropriate by balancing the economy gained and prejudice to parties."  Molinari v. Bloomberg, No. 08-CV-4539, 2009 WL 87576, at *4 (E.D.N.Y. Jan. 13, 2009)(citing Haas v. Brookhaven Mem'l Hosp., No. 07-CV-4788, 2008 WL 822121, at *2 (E.D.N.Y. Mar. 26, 2008) (denying plaintiff's motion to consolidate because he made no showing on the record that consolidation would assist judicial economy or avoid unnecessary delays or confusion); further citations omitted).  Here, there has been no showing that consolidation will assist in achieving judicial economy or avoid

delay or confusion; rather, the opposite is true.  The Court agrees with Defendants that, given what has transpired, with the "Plaintiffs subsequently exhaust[ing] their administrative remedies" and "fil[ing] another action asserting the exact same claims" in the Subsequent Action, "this action should have discontinued voluntarily." (Response, ECF No. 24, at 2.)  Indeed, the Court's independent review confirms that the Subsequent Action raises substantially the same claims and seeks substantially the same relief[5] as raised and sought in this action.  (See Subsequent Action, Compl., ECF No. 1;[6] cf. Objection at 2 (stating "the issues regarding damages now remain pending before this Court within the context of [the Subsequent Action]" (emphasis added)).)  Moreover, it is noteworthy that the Subsequent Action, which alleged the requisite administrative exhaustion, was commenced on October 5, 2020, before the subject Dismissal Motion--which motion was premised upon lack of subject matter jurisdiction for failure to exhaustive Plaintiffs' administrative remedies--was referred to

---

[5]  The Court notes that in the Subsequent Action, Plaintiffs also seek the partial reversal of the SRO's decision, which denied A.K. "compensatory education".  (Subsequent Action, Compl., ECF No. 1, Prayer for Relief at 14.)

[6]  Of significance, Plaintiffs alleged, inter alia: "[A]s this complaint deals exclusively with the plaintiff's 2019-2020 academic year, the Court must be updated with the relevant facts" (Subsequent Action, Compl., ECF No. 1, ¶2 (emphasis added)), and "SRO Baytes' decision represented the 'administrative exhaustion' of the plaintiff's IDEA-based claims relative to the 2019-2020 academic year."  (Id. at ¶47.)

Magistrate Judge Locke, on October 16, 2020, for a report and recommendation.  Certainly, voluntary dismissal of the instant action would have saved substantial resources of the parties and the Court.  It would also have avoided confusion, especially as Plaintiffs have several actions pending regarding different school years.  Thus, in this instance, consolidation serves no purpose and is, therefore, DENIED.

In sum, upon careful review and consideration, the Court finds Magistrate Judge Locke's R&R to be well-reasoned, comprehensive, and free of error.  Hence, it is ADOPTED in its entirety.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that, having ADOPTED the R&R in its entirety:

(1)  Plaintiffs' Objection is OVERRULED;

(2)  Defendants' Dismissal Motion for lack of subject matter jurisdiction is GRANTED and, thereafter;

(3)  The Clerk of Court is directed to close this case.

**SO ORDERED.**

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J

Dated:   March 31, 2021
         Central Islip, New York